Argued and submitted April 13, reversed and remanded August 5, reconsideration denied September 25, petition for review allowed November 3, 1987 (304 Or 311)
See 304 Or 436 (1987)

## JONES,
*Appellant,*

*v.*

## CITY OF PRAIRIE CITY, OREGON,
*Respondent.*

(86-2-0031; CA A40508)

740 P2d 236

Claud Ingram, Eugene, argued the cause for appellant. With him on the brief was Bick & Monte, P.C., Eugene.

Allen M. Muir, Portland, argued the cause for respondent. With him on the brief were Richard J. Kuhn, Portland, Ridgway K. Foley, Jr., P.C., Portland, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

* Joseph, C. J., *vice* Young, J.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an action to recover damages for negligence. Defendant's motion to dismiss was allowed. ORCP 21A(8). Plaintiff appeals. The issue is whether plaintiff's complaint states a claim. We conclude that it does and reverse.

Plaintiff, a minor child, was bitten by a dog running at large in Prairie City (City). City's police department impounded the dog on the day that plaintiff was bitten. Two days later, City destroyed the dog. It had not been tested for rabies before it was destroyed and, because it could not thereafter be determined whether or not it was rabid, plaintiff had to undergo a series of rabies inoculations.

Plaintiff sued City, alleging that it was negligent in destroying the dog without waiting 10 days, in violation of ORS 609.090. City moved to dismiss the complaint for failure to state a claim for relief. The trial court held that plaintiff is not a member of the class of persons intended to be protected by ORS 609.090 and granted City's motion.

ORS 609.090 provides, in relevant part:

"(1) When any dog is found running at large in any county, precinct or city * * * or when a dog is a public nuisance * * *, every chief of police, constable, sheriff or deputy of either, or other police or dog control officer shall impound it * * *.

"(2) * * * If no owner appears to redeem a dog within the allotted time, or if the dog has been impounded as a public nuisance for killing or injuring a person, it shall be killed in a humane manner. * * *

"(3) Notwithstanding the provisions of subsection (2) of this section, any dog impounded for biting a person shall be held for not less than 10 days before redemption or destruction to determine if the dog is rabid."

Plaintiff argues that the statute is narrowly and clearly written, that there could be no intended beneficiary other than the person bitten by the dog and that there could be no harm to be prevented other than that which plaintiff sustained. City argues that the only purpose of the statute is to give public bodies authority to destroy dangerous dogs, that the 10-day requirement was enacted at the request of the Oregon Health

Department and that the legislative history[1] suggests that its only purpose was to permit the destruction of dangerous dogs and not to create a basis for a private claim for dog bite victims.

The issues in a negligence case are "whether defendant's conduct caused a foreseeable kind of harm to an interest protected against that kind of negligent invasion, and whether the conduct creating the risk of that kind of harm was unreasonable under the circumstances." *Donaca v. Curry County,* 303 Or 30, 38, 734 P2d 1339 (1987). There are various methods of establishing what is foreseeable and what is reasonable. A plaintiff may rely on common law standards of care or on a statute which itself establishes a standard. *Shahtout v. Emco Garbage Co.,* 298 Or 598, 695 P2d 897 (1985). Further,

> "[w]hen a plaintiff (or a defendant seeking to prove negligence on plaintiff's part) invokes a governmental rule in support of that theory, the question is whether the rule, though not itself intended to create a civil claim, nevertheless so fixes the legal standard of conduct that there is no question of due care left for the factfinder to determine; in other words, that noncompliance with the rule is negligence as a matter of law." 298 Or at 601.

---

[1] The legislative history demonstrates that, before the 1975 amendment of ORS 609.090, cities had no express authority to destroy vicious dogs. They could destroy only stray dogs that were unclaimed after five days. Senator Heard, the bill's sponsor, stated that the purpose of the bill was to authorize cities to destroy a dog that had severely injured or killed a person. The bill was drafted in response to a specific incident in which a child was badly injured by a dog. Subsection 3, the 10-day hold provision, was added at the request of the Oregon Health Department. Minutes, House Committee on Agriculture and Natural Resources (May 28, 1975).

Senator Heard's Administrative Assistant, Oleson, testified about the bill.

"They have worked with Mr. Dierdorff on a couple of amendments covering concerns about the bill which people brought to their attention in terms of shooting dogs on site. That should not be allowed and also in terms of the biting situation, the county health officer should have the dog quarantined for at least 10 days so they can detect rabies.

Further discussion focused on the purpose of the amendment.

"Senator Roberts stated this allows for destruction of the dog *but does not do anything for the person who has been injured.*

"Dave Dierdorff stated *that is right,* but the person who is injured would still have possible action against the owner of the dog depending on the circumstances. This is primarily to allow a county to destroy a dog after holding it for the necessary 10 days quarantine period if that dog is dangerous to people." Minutes, Senate Committee on Agriculture and Natural Resources, (April 24, 1975, at 1.) (Emphasis supplied.)

Unless a court can justifiably say that no reasonable factfinder could find the risk foreseeable or that the defendant's conduct fell below acceptable standards, the questions of foreseeability and reasonableness are for the factfinder to decide. *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 17, 734 P2d 1326 (1987); *Donaca v. Curry Co. supra,* 303 Or at 38.

In this case, it is at least arguably foreseeable that, if a dog is destroyed before the time needed for testing for rabies expires, a person bitten by the dog would have to undergo treatment against rabies. The statute provides that City could have impounded the dog for the necessary 10 days, thus preventing it from running at large. In the absence of some explanation for a need to destroy the dog in less than 10 days, a reasonable factfinder could conclude that City's conduct was unreasonable. The fact that the legislative history of ORS 609.090 does not indicate an intent to create a new cause of action does not prevent the statute from being used to measure the standard of care of officials who impound dogs under the authority of that statute in determining whether City's conduct was reasonable under the circumstances. *Shahtout v. Emco Garbage Co., supra.*

Reversed and remanded.